TAKE-TWO INTERACTIVE SOFTWARE, INC

Plaintiff,

v.

JOHNATHAN WYCKOFF and JOHN DOES 1-10,

Defendants.

Civil Case No. 19-cv-11818

**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS OF DEFENDANT JOHNATHAN WYCKOFF TO COMPLAINT**

## <u>DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES</u>

Defendant, Johnathan Wyckoff, by and through undersigned counsel, hereby Answers Plaintiff's Complaint and asserts Affirmative Defenses and Counterclaims as follows. Defendant generally denies all allegations except those specifically admitted.

## <u>INTRODUCTION</u>

Defendant is an enthusiastic player of Plaintiff's videogames who participated in modifying (known as "mods" or "modding") the configuration setting of games it "owns" or has license to under the Plaintiff's User Agreement. Modding can impact gameplay in a variety of ways including by improving graphics quality or by eliminating or changing features as desired. Modding Plaintiff's games is a normal and common practice among many video game enthusiasts. Developers and Publishers typically publish a "mod policy" which explains what types of mods are allowed.

Defendant, here, modified the configuration files of games for which it purchased copies. Defendant believes it was acting in accordance with the Plaintiff's published policy on "PC Single-Player Mods" which says that "Take-Two has agreed that it generally will not take legal action against third-party projects involving Rockstar's PC games that are single-player, non-

commercial, and respect the intellectual property (IP) rights of third parties." The full text of Plaintiff's policy is attached as Exhibit A (the "PC Single-Player Mods Policy").

Defendant has agreed not to release, or redevelop and release, any of its mods for Plaintiff's games.

Defendant requests that this matter be referred for Arbitration per the binding arbitration clause contained in Plaintiff's User Agreement.

## ANSWER

1.      Denied. Defendant developed the mods in compliance with the guidelines issued by Plaintiff on Rockstar Games' website,[1] attached as Exhibit A (the "PC Single-Player Mods Policy"). Defendant relied on Plaintiff's PC Single-Player Mods Policy. Defendant generally denies the remaining allegations.

2.      Denied. Defendant lacks sufficient information to form an assertion as to Plaintiff's role in publishing, developing, and distributing interactive entertainment software.

3.      Denied. Defendant developed the mods to be within the mod guidelines issued by Plaintiff as expressed in the PC Single-Player Mods Policy. Defendant generally denies the remaining allegations.

4.      Denied. Defendant's Red Dead Redemption II (RDRII) mod did not contain maps from the original Red Dead Redemption (RDRI) game. Defendant generally denies the remaining allegations.

5.      Denied. Defendant specifically denies Plaintiff's description of the Red Dead Redemption Damned Enhanced Project (RDR-DEP). Plaintiff appears to be describing a previous mod (RDRV) that was abandoned in 2017 at the request of the Plaintiff. Defendant generally

---

[1] https://support.rockstargames.com/articles/115009494848/PC-Single-Player-Mods (have Adobe print of page, saved Feb 11)

denies the remaining allegations.

6.      Admitted in part and denied in part. Defendant affirms that it took steps to prevent players from modifying its files to allow use in multiplayer or online games as detailed in Plaintiff's "PC Single-Player Mods Policy". Defendant denies that it is easy to circumvent these safeguards or that it is responsible for other players' alleged modifications. Defendant generally denies the remaining allegations.

7.      Denied. Defendant asserts that it is a hobbyist and worked on the project without expecting or soliciting compensation for the mod. Defendant generally denies the remaining allegations.

8.      Admitted in part and denied in part. Defendant affirms it had communication with Plaintiff and asserted its desire to create mods in compliance Plaintiff's PC Single-Player Mod Policy. Denied that it ever intended to "leak" the project files. Defendant generally denies the remaining allegations.

9.      Denied. Defendant asserts that it developed the mods to be within the PC Single-Player Mod Policy issued by Plaintiff. Defendant no longer has access to the mod project files and does not intend to redevelop them. Defendant generally denies the remaining allegations and conclusions of law.

## PARTIES

10.      Denied. Defendant lacks sufficient information to form an assertion as to the formation or location of Plaintiff's business.

11.      Admitted.

12.      Defendant lacks information and belief as to the John Doe defendants. Defendant denies that any other person was involved in the mods. Defendant generally denies the remaining allegations and conclusions of law.

## JURISDICTION AND VENUE

13.     Denied. Defendant denies that it has injured Plaintiff in any way. Plaintiff's User Agreement contains a binding arbitration clause that requires the parties to adjudicate their dispute with "Judicial Arbitration Mediation Services, Inc. ("JAMS") pursuant to the JAMS Streamlined Arbitration Rules and Procedures effective July 1, 2014 (the "JAMS Rules")". ECF No. 1 Ex. 4. Defendant generally denies Plaintiff's conclusions of law and remaining allegations.

14.     Denied. Defendant denies that it has injured Plaintiff in any way. Defendant generally denies Plaintiff's conclusions of law and remaining allegations.

15.     Denied. Defendant denies receiving any compensation for its mod projects. Defendant generally denies Plaintiff's conclusions of law and remaining allegations.

16.     Admitted that Defendant has accepted the End-User-License-Agreement. Denied that Defendant has the capacity to contract.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

### Take-Two and Its Award-Winning Video Games

17.     Denied. Defendant lacks sufficient information to form an assertion as to the Plaintiff's popularity or business history.

18.     Denied. Defendant lacks sufficient information to form an assertion as to Plaintiff's business practices nor accolades.

19.     Denied. Defendant lacks sufficient information to form an assertion as to Plaintiff's ownership of various game titles.

20.     Denied. Defendant lacks sufficient information to form an assertion as to the copyright registration of Grand Theft Auto V.

21.     Denied. Defendant lacks sufficient information to form an assertion as to the copyright registration of Red Dead Redemption I.

22.     Denied. Defendant lacks sufficient information to form an assertion as to the copyright registration of Red Dead Redemption II.

23.     Denied. Defendant lacks sufficient information to form an assertion as to the Plaintiff's involvement in game development and the value of the games listed.

**Take-Two's User Agreement and Terms of Service**

24.     Admitted.

**Prohibitions on Copying or Modification**

25.     Admitted.

26.     Denied. Defendant lacks knowledge or information to form a belief as to Plaintiff's conclusions of law. Defendant denies breaching the User Agreement. Defendant generally denies Plaintiff's remaining allegations.

**Defendants Affirmatively Accepted the User Agreement and Terms of Service**

27.     Admitted that Defendant clicked through the acceptance of the User Agreement. Denied that Defendant has the capacity to contract. Defendant reasserts that it followed the PC Single-Player Mod Policy in good faith.

28.     Denied. Defendant lacks knowledge and information to form a belief about John Doe defendants. Defendant denies that any other person was involved in the mod projects at issue.

**User Agreement and Terms of Service Notifications for GTAV**

29.     Admitted as to Defendant Wyckoff. Defendant lacks knowledge and information to form a belief about John Doe defendants. Defendant denies that any other person was involved in the mod projects at issue.

30.     Admitted as to Defendant Wyckoff. Defendant lacks knowledge and information to form a belief about John Doe defendants. Defendant denies that any other person was involved in the mod projects at issue.

31.     Admitted as to Defendant Wyckoff. Defendant lacks knowledge and information to form a belief about John Doe defendants. Defendant denies that any other person was involved in the mod projects at issue.

32.     Admitted as to Defendant Wyckoff. Defendant lacks knowledge and information to form a belief about John Doe defendants. Defendant denies that any other person was involved in the mod projects at issue.

33.     Admitted as to Defendant Wyckoff. Defendant lacks knowledge and information to form a belief about John Doe defendants. Defendant denies that any other person was involved in the mod projects at issue.

34.     Admitted as to Defendant Wyckoff. Defendant lacks knowledge and information to form a belief about John Doe defendants. Defendant denies that any other person was involved in the mod projects at issue.

35.     Admitted as to Defendant Wyckoff. Defendant lacks knowledge and information to form a belief about John Doe defendants. Defendant denies that any other person was involved in the mod projects at issue.

36.     Admitted as to Defendant Wyckoff. Defendant lacks knowledge and information to form a belief about John Doe defendants. Defendant denies that any other person was involved in the mod projects at issue.

37.     Admitted as to Defendant Wyckoff.

38.     Admitted as to Defendant Wyckoff. Defendant lacks knowledge and information to form a belief about John Doe defendants. Defendant denies that any other person was involved in the mod projects at issue.

39.     Admitted.

**User Agreement and Terms of Service Notifications for RDRII**

40.     Admitted as to Defendant Wyckoff. Defendant lacks knowledge and information to form a belief about John Doe defendants. Defendant denies that any other person was involved in the mod projects at issue.

41.     Admitted as to Defendant Wyckoff. Defendant lacks knowledge and information to form a belief about John Doe defendants. Defendant denies that any other person was involved in the mod projects at issue.

42.     Admitted as to Defendant Wyckoff. Defendant lacks knowledge and information to form a belief about John Doe defendants. Defendant denies that any other person was involved in the mod projects at issue.

43.     Admitted as to Defendant Wyckoff. Defendant lacks knowledge and information to form a belief about John Doe defendants. Defendant denies that any other person was involved in the mod projects at issue.

44.     Admitted as to Defendant Wyckoff. Defendant lacks knowledge and information to form a belief about John Doe defendants. Defendant denies that any other person was involved in the mod projects at issue.

45.     Admitted as to Defendant Wyckoff. Defendant lacks knowledge and information to form a belief about John Doe defendants. Defendant denies that any other person was involved in the mod projects at issue.

46.     Admitted as to Defendant Wyckoff. Defendant lacks knowledge and information to form a belief about John Doe defendants. Defendant denies that any other person was involved in the mod projects at issue.

47.     Admitted as to Defendant Wyckoff. Defendant lacks knowledge and information to form a belief about John Doe defendants. Defendant denies that any other person was involved in the mod projects at issue.

48.     Admitted as to Defendant Wyckoff. Defendant lacks knowledge and information to form a belief about John Doe defendants. Defendant denies that any other person was involved in the mod projects at issue.

49.     Admitted as to Defendant Wyckoff. Defendant lacks knowledge and information to form a belief about John Doe defendants. Defendant denies that any other person was involved in the mod projects at issue.

50.     Admitted as to Defendant Wyckoff. Defendant lacks knowledge and information to form a belief about John Doe defendants. Defendant denies that any other person was involved in the mod projects at issue.

## The Infringing Programs

51.     Admitted.

52.     Denied. Defendant's Red Dead Redemption II (RDRII) mod did not contain maps from the original Red Dead Redemption (RDRI) game. Defendant reasserts that it followed the PC Single-Player Mod Policy in good faith. Defendant generally denies the remaining allegations.

## RDRII Project

53.     Denied. Defendant's Red Dead Redemption II (RDRII) mod did not contain maps from the original Red Dead Redemption (RDRI) game. Defendant reasserts that it followed the PC Single-Player Mod Policy in good faith. Defendant generally denies the remaining allegations.

54.     Admitted.

55.     Admitted.

56.     Admitted that Defendant posted the video. Otherwise, Denied. Defendant was not importing maps from RDRI as the maps already exist in the RDRII game and just need to be enabled. Defendant reasserts that it followed the PC Single-Player Mod Policy in good faith. Defendant generally denies the remaining allegations.

57.     Admitted that Defendant posted the tweet. Otherwise, Denied. Defendant's tweet is referring to content that is within Plaintiff's existing RDRII game files. Defendant reasserts that it followed the PC Single-Player Mod Policy in good faith. Defendant generally denies the remaining allegations.

58.     Admitted in part and Denied in part. Defendant admits that it worked on a previous mod which it abandoned in compliance with the requests of Plaintiff. Defendant denies committing willful copyright infringement as the Plaintiff has provided guidelines for acceptable mods. Defendant reasserts that it followed the PC Single-Player Mod Policy in good faith. Defendant generally denies the remaining allegations.

59.     Admitted as to Plaintiff's description of the RDRV project. Defendant abandoned that mod project when requested by Plaintiff in 2017.

60.     Admitted in part and denied in part. Admitted that Defendant complied with Plaintiff's request that it cease working on the RDRV mod project. Denied that the RDRII and RDR-DEP projects are infringing. Defendant reasserts that it followed the PC Single-Player Mod Policy in good faith.

61.     Admitted that Defendant made the statement. Denied that Defendant ever actually worked on, completed, or released any mod that enabled a GTAV map in RDRII. Defendant reasserts that it followed the PC Single-Player Mod Policy in good faith.

62.     Admitted in part and denied in part. Defendant admits the tweet and that its mod was developed to prevent multiplayer and/or online play in compliance with Plaintiff's PC Single-Player Mod Policy. Denied that it used or imported maps from RDRI. Defendant reasserts that it followed the PC Single-Player Mod Policy in good faith.

63.     Denied. Defendant's method of preventing online or multiplayer use is not easy to circumvent. Defendant lacks knowledge and information sufficient to form a belief about

Plaintiff's conclusions. Defendant reasserts that it followed the PC Single-Player Mod Policy in good faith. Defendant generally denies the remaining allegations.

64. Denied. Defendant followed the PC Single-Player Mod Policy in good faith.

**RDR-DEP**

65. Admitted.

66. Admitted.

67. Admitted.

68. Admitted.

69. Admitted as to the screenshot. Defendant denies creating an unauthorized copy. Defendant followed the PC Single-Player Mod Policy in good faith.

70. Admitted as to the screenshot. Defendant denies creating an unauthorized copy. Defendant denies uploading its mod projects to a third-party. Defendant followed the PC Single-Player Mod Policy in good faith. Defendant generally denies the remaining allegations.

71. Admitted as to the screenshots and that Defendant modified RPF files. Defendant followed the PC Single-Player Mod Policy in good faith. Defendant generally denies the remaining allegations.

72. Admitted as to the screenshot. Denied as to any remaining allegations. Defendant reasserts that it followed the PC Single-Player Mod Policy in good faith.

73. Admitted. Defendant reasserts that it followed the PC Single-Player Mod Policy in good faith.

74. Denied. Defendant relied on the PC Single-Player Mod Policy in good faith.

75. Admitted as to the screenshots. Denied that Defendant was using tools from the RDRV mod project. Defendant previously ceased work on the RDRV project at Plaintiff's request. Defendant is not using any Grand Theft Auto V (GTAV) code.

10

76.    Denied. Defendant relied on the PC Single-Player Mod Policy in good faith. The mod never used tools from RDRV nor content from GTAV.

77.    Admitted as to the screenshots. Denied that Defendant was creating an impermissible mod. Defendant relied on the PC Single-Player Mod Policy in good faith.

78.    Denied. Plaintiff allows mods per its PC Single-Player Mod Policy. Defendant's mod cannot be used with multiplayer modes and cannot be circumvented. Defendant relied on the PC Single-Player Mod Policy in good faith.

79.    Affirmed in part and denied in part. Denied that the mod was ever released. Admitted that mods are typically distributed to users, who could copy its modifications. Denied that anything other than the single-player aesthetic would be altered as the game play and mechanics are untouched. Defendant relied on the PC Single-Player Mod Policy in good faith.

80.    Denied. RDR-DEP does not use any content from GTAV and was developed within the modding guidelines issued by Plaintiff. Denied that Defendant's mod projects were created without permission. Defendant relied on the PC Single-Player Mod Policy in good faith.

81.    Denied that Defendant has breached Plaintiff's User Agreement. Defendant relied on the PC Single-Player Mod Policy in good faith.

**Defendants' Infringement is Willful and in Utter Disregard of Take-Two's Rights**

82.    Denied. Defendant asserts that it developed the mod within the guidelines issued by the Plaintiff. Defendant will not restart work on the now-lost mod files and has expressly agreed to same. Defendant relied on the PC Single-Player Mod Policy in good faith.

83.    Affirmed. Defendant agreed to stop working on a project at the request of the Plaintiff. Defendant did stop working on the RDRV project at the request of Plaintiff. Defendant has fully complied with Plaintiff's 2017 request that it cease work and not publish its RDRV project.

84.     Admitted as to the screenshot. Denied that Defendant made any false claims. Defendant relied on the PC Single-Player Mod Policy in good faith.

85.     Admitted.

86.     Admitted.

87.     Admitted that Defendant spoke to Plaintiff. Denied that Defendant violated Plaintiff's rights. Defendant relied on the PC Single-Player Mod Policy in good faith.

88.     Admitted.

89.     Admitted as to the screenshot. Denied that the "current project" was RDR-DEP.

90.     Admitted as to the screenshot. Denied that its mod projects were infringing. Defendant relied on the PC Single-Player Mod Policy in good faith. Undersigned counsel is not the lawyer referred to in the screenshot.

91.     Admitted.

92.     Denied. Defendant denies that this screenshot shows its statements. Defendant denies any plan or intent to leak or distribute any mod files, secretly or otherwise. Defendant denies willful disregard for Plaintiff's rights. Defendant believes it was complying with Plaintiff's PC Single-Player Mod Policy. Defendant relied on Plaintiff's mod policy.

93.     Admitted.

94.     Admitted as to the tweet. Denied that its mods were infringing. Defendant's comments reflected its determination to demonstrate to Take-Two that the mods fell within the guidelines issued by Plaintiff. Defendant relied on the PC Single-Player Mod Policy in good faith.

95.     Admitted as to the screenshot and that Defendant has generally solicited donations from Patreon.com and Streamlabs.com supporters. Denied that it ever received any donations. Denied that any solicitation was in return for creating the mods. Defendant always intended for the mod to be free and never received any funds for developing it. Defendant relied on the PC

Single-Player Mod Policy in good faith.

**The Infringing Programs Will Cause Irreparable Harm to Take-Two**

96. Denied that Defendant's mod projects will cause any harm to Plaintiff. Defendant lacks knowledge and information sufficient to form a belief as to any of Plaintiff's other conclusions or assertions and generally denies same. Denied that defendant's conduct was willful.

97. Denied. Defendant relied on the PC Single-Player Mod Policy in good faith. On information and belief, User-created mods are generally not evaluated with Plaintiff's quality control system.

98. Denied. Users are allowed to modify Plaintiff's games within the PC Single-Player Mod Policy. Defendant relied on the PC Single-Player Mod Policy in good faith. Defendant reasserts that it lost its mod projects due to a hard drive failure prior to the filing of this case and Defendant's knowledge of this action. Denied that defendant's mod projects are infringing.

99. Denied. Defendant always intended the mod to be free. Defendant asserts that, in order to make use of mods generally, users must first purchase a copy of the Plaintiff's games. Defendant denies that Plaintiff has been or would be harmed by its projects. Defendant relied on the PC Single-Player Mod Policy in good faith. Defendant reasserts that it lost its mod projects due to a hard drive failure prior to the filing of this case and Defendant's knowledge of this action. Defendant lacks information or knowledge sufficient to form a belief as to the remaining of Plaintiff's claims and conclusions.

100. Denied. Defendant lacks sufficient knowledge or information to form a belief as to Plaintiff's conclusions. Defendant denies that RDRI is a market substitute for RDRII.

101. Denied. Defendant's mod projects did not add the RDRI map into RDRII. Defendant's mod projects would have required users to own purchased copies of Plaintiff's games. Defendant denies the presumed economic impact of the mod and asserts that it relied on Plaintiff's

PC Single-Player Mod Policy in good faith. Defendant denies any remaining allegations.

102.    Denied.

103.    Denied. Plaintiff has suffered no damage and Defendant's mod projects will never be released. Not only has Defendant lost the mod project files permanently but Defendant has agreed to cease its work on any mod projects for Plaintiff's games unless expressly authorized.

**CLAIMS FOR RELIEF**

<u>**COUNT I**</u>
**Direct Copyright Infringement (17 U.S.C. § 101 *et seq.*)**

104.    This is an incorporation paragraph.

105.    Admitted.

106.    Denied. Defendant lacks sufficient knowledge to make an assertion regarding the ownership and copyright registration of the games.

107.    Denied. Defendant lacks sufficient knowledge to make an assertion regarding whether Plaintiff has secured exclusive rights to the games.

108.    Denied. Defendant asserts that it developed the mods to be within the guidelines issued by Plaintiff. Defendant

109.    Denied. This paragraph states a conclusion at law to which no response is required. Insofar as any denial is required, Defendant denies it acted deliberately, willfully, or in utter disregard for Plaintiff's rights. Defendant relied on the PC Single-Player Mod Policy in good faith.

110.    Denied. Defendant never received any income or donations from the mods it developed.

111.    Denied. Defendant asserts that Plaintiff has not and cannot be harmed. Defendant asserts that it developed the mods to be within the guidelines issued by Plaintiff. It never released the mods nor can it as the project files are permanently lost.

112.     Denied. Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is not immediate, is not irreparable, and Plaintiff has an adequate remedy at law. As stated above, Defendant's mod project files are permanently lost.

113.     Denied. Defendant has not released the mods and cannot release them. Defendant denies that Plaintiff has been harmed. Defendant denies Plaintiff's conclusions.

## COUNT II
### Contributory Copyright Infringement (17 U.S.C. § 101 *et seq.*)

114.     This is an incorporation paragraph.

115.     Affirmed.

116.     Denied. Defendant lacks sufficient knowledge to make an assertion regarding the ownership and copyright registration of the games.

117.     Denied. Defendant lacks sufficient knowledge to make an assertion regarding whether Plaintiff has secured exclusive rights to the games.

118.     Denied. Defendant denies the mods were infringing and cannot release them because they have been lost. Defendant relied on the PC Single-Player Mod Policy in good faith.

119.     Denied. Defendant asserts that the mods were developed within the guidelines issued by the Plaintiff. Defendant relied on the PC Single-Player Mod Policy in good faith.

120.     Denied. Defendant asserts that the mods were developed within the guidelines issued by the Plaintiff. Defendant denies that the mods will be released as they have been lost and Defendant has agreed to cease its mod projects as to any of Plaintiff's games.

121.     Denied. Defendant asserts that the mods were developed within the guidelines issued by the Plaintiff. Defendant can no longer release the mods because the projects files have been lost. Defendant denies it acted deliberately, willfully, or in utter disregard for Plaintiff's rights. Defendant relied on the PC Single-Player Mod Policy in good faith.

122.     Denied. Defendant received no donations for its mods and otherwise has received no financial benefit.

123.     Denied. Defendant denies that the Plaintiff has been harmed by an unreleased, incomplete, and now lost mod. Defendant relied on the PC Single-Player Mod Policy in good faith.

124.     Denied. Defendant has no access to the permanently lost project files. Defendant has agreed to cease its mod projects as to any of Plaintiff's games.

125.     Denied. Defendant has not released the mods and cannot release them. Defendant denies that Plaintiff has been harmed. Defendant denies Plaintiff's conclusions.

<u>**COUNT III**</u>
**Breach of Contract**

126.     This is an incorporation paragraph.

127.     Denied. Defendant lacks sufficient knowledge to assert whether all clauses of the user agreement are enforceable. Defendant has a medical condition and may lack capacity to contract.

128.     Denied. Defendant lacks sufficient knowledge to assert whether Plaintiff has performed all conditions precedent. Defendant relied on the PC Single-Player Mod Policy in good faith.

129.     Affirmed. Defendant adds that it relied on the PC Single-Player Mod Policy in good faith. Defendant has a medical condition and may lack the capacity to contract.

130.     Denied. Defendant asserts that the mods were developed within the guidelines issued by the Plaintiff. Defendant relied on the PC Single-Player Mod Policy in good faith.

131.     Denied. Defendant denies breaching the user agreement. Defendant denies Plaintiff's conclusions.

<u>**Count IV**</u>
**Tortious Interference with Contract**

16

132.    This is an incorporation paragraph.

133.    Affirmed as to Defendant's assent to the User Agreement. Denied that its mods were in violation of Plaintiff's PC Single-Player Mod Policy. Defendant has a medical condition and may lack the capacity to contract.

134.    Denied. Defendant lacks sufficient knowledge to assert whether Plaintiff has performed all conditions precedent. Defendant relied on the PC Single-Player Mod Policy in good faith.

135.    Affirmed that Defendant is aware of the User Agreement. Defendant adds that it relied on the PC Single-Player Mod Policy in good faith. Defendant has a medical condition and may lack the capacity to contract.

136.    Denied. Defendant asserts that the mods were developed within the guidelines issued by the Plaintiff. Defendant has not released the mod and cannot as the files are permanently lost as described above.

137.    Denied. Defendant asserts that the mods were developed within the guidelines issued by the Plaintiff. Defendant denies that it breached the User Agreement. Defendant denies Plaintiff's conclusions.

138.    Denied. Defendant never released the mods and could not have damaged the Plaintiff. Defendant adds that it relied on the PC Single-Player Mod Policy in good faith.

## AFFIRMATIVE DEFENSES

139.    **Capacity to Contract.** On information and belief, the Defendant has a medical condition and may not have the capacity to contract.

140.    **Arbitration and Award.** Plaintiff's User Agreement contains a binding arbitration clause requiring the parties to resolve all disputes between them. ECF No. 1 Ex. 4.

141.    **Failure to State a Claim.** Plaintiff has failed to state a claim upon which relief can

be granted.

142.    **Express or Implied License, Waiver, Acquiescence.** Defendant relied upon Plaintiff's PC Single-Player Mod Policy attached as Exhibit A.

143.    **Estoppel, Detrimental Reliance.** Defendant relied upon Plaintiff's PC Single-Player Mod Policy attached as Exhibit A.

144.    **No Actual Harm or Injury, De Mininis Damages.** Defendant's actions have not harmed Plaintiff or any harm to Plaintiff is so small as to be not legally cognizable.

145.    **Innocent Infringement.** Defendant asserts that, if it is an infringer, it is an "innocent infringer", and was not aware and had no reason to believe that its acts constituted an infringement of Plaintiff's rights.

146.    **Injunctive Relief.** Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is not immediate, is not irreparable, and Plaintiff has an adequate remedy at law.

### Counterclaims

### Counterclaim 1: Declaratory Judgment for Non-Infringement

147.    Plaintiff asserts claims of Direct and Contributory Copyright Infringement, Breach of Contract, and Tortious Interference against Defendant.

148.    Plaintiff, either directly or through its affiliate, Rockstar Games, maintains a published mod policy available online[2] and attached here as Exhibit A.

149.    Plaintiff's PC Single-Player Mods Policy states:

Rockstar Games believes in reasonable fan creativity, and, in particular, wants creators to showcase their passion for our games. After discussions with Take-Two, Take-Two has agreed that it generally will not take legal action against third-party projects involving Rockstar's PC games that are single-player, non-commercial, and respect the intellectual property (IP) rights of third parties. This does not apply to (i) multiplayer or online services; (ii) tools, files, libraries, or functions that could be used to impact multiplayer or online services, or (iii) use or importation of other IP (including other Rockstar IP) in the

---

[2] https://support.rockstargames.com/articles/115009494848/PC-Single-Player-Mods

project; or (iv) making new games, stories, missions, or maps. This is not a license, and it does not constitute endorsement, approval, or authorization of any third-party project. Take-Two reserves the right to object to any third-party project, or to revise, revoke and/or withdraw this statement at any time in their own discretion. This statement does not constitute a waiver of any rights that Take-Two may have with respect to third-party projects.

150. Defendant believes it acted within the Plaintiff's User Agreement (ECF No. 1 Ex. 4) and PC Single-Player Mod Policy (Ex. A).

151. Defendant also believes the Plaintiff impliedly authorizes mods of its games. allowing

152. Defendant did not intend to create any unauthorized mods for Plaintiff's games.

153. Defendant believes it did not create any unauthorized mods for Plaintiff's games.

154. Defendant has not released any unauthorized mods for Plaintiff's games.

155. Defendant wishes that this Court issue a declaration of its non-infringement.

## **Counterclaim 2: Declaration re: Arbitration**

156. Plaintiff's User Agreement (ECF No. 1 Ex. 4) contains a binding Arbitration Clause, reproduced below:

BINDING INDIVIDUAL ARBITRATION - PLEASE READ THIS SECTION CAREFULLY. IT MAY SIGNIFICANTLY ALTER YOUR RIGHTS, INCLUDING YOUR RIGHT TO FILE A LAWSUIT IN COURT.

1. This binding individual arbitration section will not apply to the extent prohibited by the laws of your country of residence.
2. You and the Company agree that should any dispute, claim, or controversy arise between us regarding any Company products or services (hereafter a "Dispute"), whether based in contract, statute, regulation, ordinance, tort (including fraud, misrepresentation, fraudulent inducement, or negligence), or any other legal or equitable theory, except for those matters listed in the Exclusions From Arbitration paragraph below, and expressly including the validity, enforceability, or scope of this 'BINDING INDIVIDUAL ARBITRATION' section (with the exception of the enforceability of the Class Action Waiver clause below), shall be submitted to binding arbitration, as described below, rather than being resolved in court. The term "Dispute" is to be given the broadest possible meaning that will be enforced and includes, for example, all matters

[This section intentionally left blank. The Arbitration clause continues below.]

arising under this Agreement, the Privacy Policy, the Terms of Service, or any other agreement with the Company. You understand that there is no judge or jury in arbitration and that court review of an arbitration award is limited.

3. Exclusions From Arbitration. You and the Company agree that any claim filed by You or the Company in small claims court on an individual basis are not subject to the arbitration terms contained in this Section. In addition, the Company or You shall have the right to seek an injunction against you in court in order to preserve the status quo while an arbitration proceeds.

4. Class Action Waiver. THE ARBITRATION PROCEEDINGS DESCRIBED HEREIN WILL BE CONDUCTED ON AN INDIVIDUAL BASIS ONLY. Neither You nor the Company shall be entitled to join or consolidate disputes by or against other individuals or entities, or to arbitrate any dispute in a representative capacity, including, without limitation, as a representative member of a class or in a private attorney general capacity, in connection with any Dispute. Further, unless both You and the Company agree, the arbitrator may not consolidate more than one person's claim. The arbitrator may award any individual relief or individual remedies that are permitted by applicable law, but to the maximum extent permitted by applicable law, may not award relief against the Company respecting any person other than You.

5. Right to Opt Out of Binding Arbitration. IF YOU WISH TO OPT OUT OF THIS BINDING INDIVIDUAL ARBITRATION REQUIREMENT, YOU MUST NOTIFY US IN WRITING WITHIN 30 DAYS OF THE DATE THAT YOU ACCEPT THIS AGREEMENT BUT ARE OPTING OUT OF BINDING INDIVIDUAL ARBITRATION, UNLESS A LONGER PERIOD IS REQUIRED BY APPLICABLE LAW. Your written notification must be mailed to TAKE TWO INTERACTIVE SOFTWARE, LEGAL DEPARTMENT, ATTN: ARBITRATION OPT OUT, 110 West 44th Street, New York, New York, 10036. Your notice must include (1) your full name; (2) your mailing address; (3) your Social Club online ID, if you have one; and (4) a clear statement that you do not wish to resolve disputes with the Company through arbitration. You are responsible for ensuring the Company's receipt of your opt-out notice, and you therefore may wish to send a notice by means that provide a written receipt.

6. Notice of Dispute. If you have a Dispute with the Company, you must send written notice to TAKE TWO INTERACTIVE SOFTWARE, LEGAL DEPARTMENT, ATTN: ARBITRATION OF DISPUTE, 110 West 44th Street, New York, New York, 10036, in order to give the Company the opportunity to resolve the dispute informally through negotiation. Notice must be provided within two (2) years of the Dispute having arisen, but in no event after the date on which the initiation of legal proceedings would have been barred under the applicable statute of limitations. The failure to provide timely notice shall bar all claims. If the Company has a dispute with You, the Company will provide notice to the address it has on file for you, if possible. You and the Company agree to negotiate the Dispute in good faith for no less than 30 days after notice of the Dispute is provided. If the Dispute is not resolved within 30 days after receipt of notice of the Dispute, the Company or You may pursue the claim in arbitration as provided in this section.

7. Arbitration Rules and Procedures. Arbitration shall be subject to the U.S. Federal Arbitration Act and federal arbitration law, and shall be conducted by Judicial Arbitration Mediation Services, Inc. ("JAMS") pursuant to the JAMS Streamlined Arbitration Rules and Procedures effective July 1, 2014 (the "JAMS Rules"), as modified by this agreement to arbitrate. The JAMS Rules, including instructions for initiating an arbitration, are available on its website at http://www.jamsadr.com/rules-streamlined-arbitration. The Company will pay its arbitration costs as required by the JAMS Rules and, in the event that you are able to demonstrate that the costs of arbitration will be prohibitive as compared to the costs of litigation, the Company will pay as much of your arbitration filing and hearing fees as the arbitrator deems is necessary to prevent the arbitration from being cost-prohibitive as compared to the cost of litigation. Each side shall pay his, her, or its own attorneys' fees and costs unless the claim(s) at issue permit the prevailing party to be paid its fees and/or litigation costs, in which case the arbitrator shall award fees or costs as required by the applicable law.

8. Location of Arbitration. At Your option, if an in-person hearing is required under the JAMS Rules, the hearing will occur either in New York County, New York, or in the United States county in which You reside.

9. Decision of the Arbitrator. Any decision or award by the arbitrator shall be final and binding on the parties. Unless otherwise agreed, any decision or award shall set forth the factual and legal basis for the award. The arbitrator shall be permitted to award only those remedies in law or equity which are requested by the parties and which the arbitrator determines are supported by credible relevant evidence. Any decision or award may be enforced as a final judgment by any court of competent jurisdiction. If either party unsuccessfully challenges the validity of an award, the unsuccessful party shall pay the opposing party's costs and attorneys' fees associated with the challenge.

10. Continuation in Effect. This Binding Individual Arbitration section survives any termination of this Agreement or the provision of services to You by the Company.

11. Ability to Change Terms and Conditions Inapplicable. Although the Company may revise its End User License Agreement, Privacy Policy, Terms and Conditions, or other agreements at its discretion, the Company does not have the right to alter this agreement to arbitrate or the rules specified herein with respect to any Dispute once that Dispute has accrued.

12. Severability. If any part of this arbitration provision is deemed invalid, unenforceable, or illegal, than the balance of this arbitration provision shall remain in effect and be construed in accordance with its terms as if the invalid, unenforceable, or illegal provision had not been included. The sole exception to this is the class action waiver provision. If the prohibition on the arbitration proceeding on a class basis is found to be invalid, unenforceable, or illegal, then the entirety of this arbitration agreement shall be null and void and the Dispute shall proceed in court under applicable class action rules and procedures. If, for any reason, a claim proceeds in court rather than in arbitration, the dispute shall be exclusively brought in state or federal court in New York County, New York. Suits brought in state court may be removed to federal court by either party if permissible by law.

157.    The User Agreement requires disputes among the parties that are not filed in small claims court to be adjudicated by "Judicial Arbitration Mediation Services, Inc. ("JAMS") pursuant to the JAMS Streamlined Arbitration Rules and Procedures effective July 1, 2014 (the "JAMS Rules")".

158.    Plaintiff is the drafter of the User Agreement.

159.    Defendant is a consumer.

160.    Defendant lacks the ability to pay arbitration fees and requests the Court order the

parties to adjudicate this dispute before JAMS or another arbiter at Plaintiff's expense.

## PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully requests this honorable Court find and conclude as follows:

A. That Defendant's mods did not infringe on Plaintiff's Copyrights;

    a. In the alternative, that, if Defendant is an infringer, it is an innocent infringer;

B. That Defendant's mods did not Breach Plaintiff's User Agreement and PC Single-Player Mod Policy;

C. That the parties must adjudicate their dispute before JAMS or another arbiter;

D. That Plaintiff is responsible for the costs of the JAMS arbitration;

E. That Defendant lacks capacity to fully understand and assent to the User Agreement;

F. Any and all other relief the Court deems just and proper.

Dated: March 9, 2020.         Respectfully submitted,

Leonard J. French, Esq.
PA Bar: 312413
Attorney for John Doe
The Law Firm of Leonard J. French
PO Box 37635 #75055
Philadelphia, Pennsylvania 19101-0635
P: (610) 466-5644
F: (888) 262-0632
E: ljfrench@leonardjfrench.com