Dale M. Cendali
Claudia Ray
Joshua L. Simmons
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
dale.cendali@kirkland.com
claudia.ray@kirkland.com
joshua.simmons@kirkland.com

Megan L. McKeown
KIRKLAND & ELLIS LLP
609 Main Street
Houston, Texas 77002
Telephone: (713) 836-3600
Facsimile: (713) 836-3601
megan.mckeown@kirkland.com

*Attorneys for Plaintiff Take-Two Interactive Software, Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TAKE-TWO INTERACTIVE SOFTWARE, INC., | Case No. 1:19-cv-11818-VEC |
| Plaintiff, | ECF Case |
| - against - | |
| JOHNATHAN WYCKOFF and JOHN DOES 1–10, | |
| Defendants. | |

**PLAINTIFF TAKE-TWO INTERACTIVE SOFTWARE INC.'S ANSWER TO COUNTERCLAIMS OF DEFENDANT JOHNATHAN WYCKOFF**

Plaintiff Take-Two Interactive Software, Inc. ("Take-Two"), by and through its attorneys, Kirkland & Ellis LLP, answers the Counterclaims of Defendant Johnathan Wyckoff ("Wyckoff") as follows:

## INTRODUCTION

Wyckoff does not deny that he created modifications of Take-Two's *Red Dead Redemption* ("RDRI") and *Red Dead Redemption II* ("RDRII") video games. Dkt. No. 32 ("Answ."), at 1. Rather, he alleges that he "believes [he] was acting in accordance with [Take-Two's] published policy on 'PC Single-Player Mods'" (hereinafter "Mod Statement"). *Id.* Wyckoff then goes on to selectively quote a portion of Take-Two's Mod Statement that provides that "Take-Two has agreed that it will generally not take legal action against third-party projects involving Rockstar's PC games that are single-player, non-commercial, and respect the intellectual property (IP) rights of third parties," *id.* at 1–2. Take-Two's Mod Statement, however, goes on to lay out exceptions to this general policy, explaining that it "does not apply to," among other things, "(iii) use or importation of other IP (including other Rockstar IP) in the project; or (iv) making new games, stories, missions, or maps." *Id.* Ex. A. Moreover, the Mod Statement also provides that it "is not a license, and it does not constitute endorsement, approval, or authorization of any third-party project. **Take-Two reserves the right to object to any third-party project, or to revise, revoke and/or withdraw this statement at any time in [its] own discretion. This statement does not constitute a waiver of any rights that Take-Two may have with respect to third-party project.**" *Id.* (emphasis added).

Wyckoff admits he has modified RDRI and RDRII in his Answer. Answ., at 1. While Take-Two disputes and does not accept Wyckoff's characterization of what his modifications did, even if it did accept Wyckoff's allegation that he merely enabled maps from RDRI that "already exist[ed] in the RDRII game and just need[ed] to be enabled" (Answ. ¶ 56), such activities clearly fall within the Mod Statement's prohibition of the "use" of "other Rockstar IP," as well as the prohibition of the "making [of] new . . . maps." Answ. Ex. A. And in any case, Wyckoff admits that Take-Two contacted him on more than one occasion directing him to

discontinue the development of any modifications of Take-Two's games prior to bringing this lawsuit. Dkt. No. 1 ("Compl.") ¶¶ 87, 93; Answ. ¶¶ 87, 93. Thus, Wyckoff could not have reasonably believed that his modification projects were authorized by Take-Two's Mod Statement, because Take-Two expressly "object[ed] . . . revoke[d] and/or withdr[ew]" Take-Two's Mod Statement as it pertained to Wyckoff's modifications. Answ. Ex. A.

## COUNTERCLAIMS

1. Take-Two states that the allegations set forth in Paragraph 147 of the Counterclaims are conclusions of law as to which no responsive pleading is required, but to the extent any response is required, Take-Two denies the allegations set forth in Paragraph 147 except admits that Take-Two's Complaint alleged claims of Direct Copyright Infringement (Count I), Contributory Copyright Infringement (Count II), Breach of Contract (Count III), and Tortious Interference with Contract (Count IV) against Wyckoff.

2. Take-Two denies the allegations set forth in Paragraph 148 of the Counterclaims except admits that Take-Two's subsidiary Rockstar Games, Inc. ("Rockstar") posted a question and answer statement regarding "PC Single-Player Mods" on the Rockstar support website, and states that the statement speaks for itself.

3. Take-Two denies the allegations set forth in Paragraph 149 of the Counterclaims except admits that Paragraph 149 accurately quotes the answer to the question "Are PC Single-Player Mods Allowed?"

4. Take-Two states that the allegations set forth in Paragraph 150 of the Counterclaims are conclusions of law as to which no responsive pleading is required, but to the extent any response is required, Take-Two denies the allegations set forth in Paragraph 150 except denies knowledge or information sufficient to admit or deny the allegations as to

Wyckoff's belief.  Take-Two further states that Mr. Wyckoff's beliefs are irrelevant to the claims and defenses at issue in this action.

5. Take-Two states that the allegations set forth in Paragraph 151 of the Counterclaims are conclusions of law as to which no responsive pleading is required, but to the extent any response is required, Take-Two denies the allegations set forth in Paragraph 151 except denies knowledge or information sufficient to admit or deny the allegations as to Wyckoff's belief.  Take-Two further states that Mr. Wyckoff's beliefs are irrelevant to the claims and defenses at issue in this action.

6. Take-Two states that the allegations set forth in Paragraph 152 of the Counterclaims are conclusions of law as to which no responsive pleading is required, but to the extent any response is required, Take-Two denies the allegations set forth in Paragraph 152 except denies knowledge or information sufficient to admit or deny the allegations as to Wyckoff's intent.  Take-Two further states that Mr. Wyckoff's intent is irrelevant to the claims and defenses at issue in this action.

7. Take-Two states that the allegations set forth in Paragraph 153 of the Counterclaims are conclusions of law as to which no responsive pleading is required, but to the extent any response is required, Take-Two denies the allegations set forth in Paragraph 153 except denies knowledge or information sufficient to admit or deny the allegations as to Wyckoff's belief.  Take-Two further states that Wyckoff's alleged belief that he did not create any unauthorized modifications of Take-Two's games is unreasonable in light of Take-Two's admitted contact with Mr. Wyckoff on September 5, 2019 and November 7, 2019 in which Take-Two demanded that he cease and desist his modification projects, Compl. ¶¶ 87, 93 & Answ.

¶¶ 87, 93, and that in any case, Mr. Wyckoff's belief is irrelevant to the claims and defenses at issue in this action.

8. Take-Two states that the allegations set forth in Paragraph 154 of the Counterclaims are conclusions of law as to which no responsive pleading is required, but to the extent any response is required, Take-Two denies knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 154. Take-Two further states that it trusts Wyckoff at least has not released any unauthorized modification of Take-Two's games as of the date that he was enjoined from doing so. Dkt. No. 29.

9. Take-Two states that the allegations set forth in Paragraph 155 of the Counterclaims are conclusions of law as to which no responsive pleading is required, but to the extent any response is required, Take-Two denies the allegations set forth in Paragraph 155 except denies knowledge or information sufficient to admit or deny the allegations as to Wyckoff's wishes. Take-Two further states that Wyckoff has admitted to making modifications of Take-Two's RDRI and RDRII games. Answ., at 1.

10. Take-Two states that the allegations set forth in Paragraph 156 of the Counterclaims are conclusions of law as to which no responsive pleading is required, but to the extent any response is required, Take-Two denies the allegations set forth in Paragraph 156 except admits that the screenshot in Paragraph 156 reflects some of the language of the Rockstar Games End User License Agreement ("User Agreement").

11. Take-Two states that the allegations set forth in Paragraph 157 of the Counterclaims are conclusions of law as to which no responsive pleading is required, but to the extent any response is required, Take-Two denies the allegations set forth in Paragraph 157 except admits that, in those cases where the Arbitration provision of the User Agreement applies,

the User Agreement states that such arbitration "shall be conducted by Judicial Arbitration Mediation Services, Inc. ('JAMS') pursuant to the JAMS Streamlined Arbitration Rules and Procedures effective July 1, 2014 (the 'JAMS Rules')."

12. Take-Two denies the allegations set forth in Paragraph 158 of the Counterclaims except admits that Take-Two wrote the User Agreement.

13. Take-Two denies the allegations set forth in Paragraph 159 of the Counterclaims except denies knowledge or information of what Defendant is asserting he is a "consumer," and states that Wyckoff has used Take-Two's video game and is an infringer.

14. Take-Two states that the allegations set forth in Paragraph 160 of the Counterclaims are conclusions of law as to which no responsive pleading is required, but to the extent any response is required, Take-Two denies the allegations set forth in Paragraph 160 except denies knowledge or information sufficient to admit or deny the allegation that Wyckoff lacks the ability to pay arbitration fees. Take-Two further states that the Court is without power to order Take-Two to pay for Wyckoff's arbitration fees.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

15. Wyckoff's Counterclaims fail to state a claim upon which relief can be granted.

## PRAYER FOR RELIEF

WHEREFORE, Take-Two respectfully requests that this Court enter judgment against Wyckoff on his Counterclaims as follows:

A. Find that Wyckoff has infringed Take-Two's copyrights;

B. Find that Wyckoff breached Take-Two's User Agreement;

C. Find that Wyckoff must pay arbitration fees to utilize the arbitration provisions of the User Agreement;

D.  Find that this action cannot be dismissed based on the User Agreement as its arbitration provision contemplates the ability of the courts to provide injunctive relief;

E.  Deny all relief sought by Wyckoff;

F.  Dismiss the Counterclaims with prejudice;

G.  Award Take-Two its costs and reasonable attorneys' fees incurred in connection with Counterclaim 1 pursuant to 17 U.S.C. § 505; and

H.  Award all such other relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff Take-Two demands a trial by jury on all issues so triable in this action.

Dated: New York, New York
March 30, 2020

*/s/ Dale M. Cendali*

Dale M. Cendali
Claudia Ray
Joshua L. Simmons
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
dale.cendali@kirkland.com
claudia.ray@kirkland.com
joshua.simmons@kirkland.com

Megan L. McKeown
KIRKLAND & ELLIS LLP
609 Main Street
Houston, Texas 77002
Telephone: (713) 836-3600
Facsimile: (713) 836-3601
megan.mckeown@kirkland.com

*Attorneys for Plaintiff*
*Take-Two Interactive Software, Inc.*